UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE SCHMIDT,

    Plaintiff,

v.

CHILDREN'S PROTECTIVE SERVICES,

    Defendant.

Case No. C09-5150FDB

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* and DENYING COURT-APPOINTED COUNSEL

    Plaintiff has filed a complaint asserting violation of her civil and Constitutional rights in that she asserts that her children were taken from her based on false reports that she abused and neglected her children, when such was never charged or proved. In her addendum to her complaint, among other things, she states that she has been told that she has a brain impairment so severe that she cannot take care of herself or anyone else, but she has not been able to see the reports, and she also names others who have told her that she could "parent" under certain conditions.

    Plaintiff applies for Court-appointed counsel, but she identifies no efforts to retain an attorney, and she states that no state or federal agency has officially determined that there is reasonable cause to believe that the allegations in her complaint are true. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(d), however, a court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.* ; *Wood v. Housewright* 900

ORDER - 1

F.2d 1332, 1335 (9th Cir. 1990). A court, however, may not make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood* at 1335-36; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988).

Having reviewed Plaintiff Schmidt's complaint, and all the material submitted therewith, the Court cannot conclude that demonstrated either a likelihood of success on the merits or an inability to articulate her claim. Accordingly, Plaintiff's application for Court-appointed counsel will be denied.

Plaintiff also applies to proceed *in forma pauperis* and states only that she receives disability compensation payments, and has since 1987, but she does not state the amount of payments that she has received in the last twelve months as requested. Pursuant to 28 U.S.C. § 1915(a), a court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. Plaintiff Schmidt, however, has failed to submit a complete affidavit, such that the Court may ascertain an inability to pay expenses required to proceed with this action. Plaintiff's application for leave to proceed *in forma pauperis* will be denied.

NOW, THEREFORE, IT IS ORDERED: Plaintiff's Application for Leave To Proceed *In Forma Pauperis* [Dkt. # 1] and Plaintiff's Application for Court-Appointed Counsel [Dkt. # 2] are DENIED.

DATED this 30th day of March, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2